BLD-264                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1651
_____

ASSEM A. ABULKHAIR,
                                              Appellant

v.

UNITED STATES POSTAL SERVICE; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-13-cv-07796)
District Judge:  Honorable Kevin McNulty
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 9, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: July 20, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Assem A. Abulkhair, proceeding pro se and in forma pauperis, appeals the District Court's order dismissing his complaint. For the reasons set forth below, we will summarily affirm the District Court's order.

Abulkhair filed this action against the United States Postal Service and the United States asserting various claims of invasion of privacy, negligence, and infliction of emotional distress pursuant to the Federal Tort Claims Act, based on allegations that the government tampered with his mail because he is a Muslim of Middle Eastern origin. The defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. The District Court granted the defendants' motion to dismiss and entered an order dismissing the complaint without prejudice, but it did not expressly grant leave to amend. Rather than filing an amended complaint, Abulkhair filed a notice of appeal.

Normally, an order that "dismisses a complaint without prejudice is neither final nor appealable" under 28 U.S.C. § 1291. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976). Such an order becomes final and appealable, however, if the plaintiff intends to "stand on his complaint" instead of amending it. Id. at 951-52. Here, instead of seeking leave to amend his complaint, Abulkhair filed a timely notice of appeal. He also submitted a response insisting that the complaint complied with the pleading requirements and foregoing the opportunity to amend his complaint. Therefore, the District Court's order is final and appealable because Abulkhair elected to stand on his complaint. Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007) (concluding

2

that a plaintiff had elected to stand on her complaint where she did not seek to correct the purported pleading deficiencies, but instead repeatedly asserted that her complaint was sufficient as filed). Thus, we have jurisdiction over Abulkhair's appeal.

Having determined that jurisdiction is proper, we may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We exercise plenary review over the District Court's dismissal order. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The District Court properly dismissed Abulkhair's complaint. The complaint fails to rise above general allegations and conjecture to offer any factual allegations that could plausibly support Abulkhair's alleged tort claims. Abulkhair alleged that, for over a decade, the United States Postal Service and the United States, acting through an unknown number of its agents and employees, including an unnamed postmaster at his local post office, tampered with his mail because he is a Muslim of Middle Eastern

3

origin. Abulkhair complained to the local post office staff and various government offices about the tampering, which he alleged consisted of opening his private mail and intercepting and delaying his outgoing mail. Apart from identifying Abulkhair's local post office, however, the complaint contains no allegations that "nudge[]" his claim of a decade-long mail tampering scheme "across the line from conceivable to plausible." Iqbal, 556 U.S. at 680 (internal quotation marks omitted). The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. Here, that is all Abulkhair has pleaded. As the District Court correctly determined, the complaint's allegations regarding the alleged campaign to tamper with Abulkhair's mail amount only to the sort of "'naked assertion[s]' devoid of 'further factual enhancement'" that fail to meet the minimum pleading standards. Id. at 678 (quoting Twombly, 550 U.S. at 557).

There being no substantial question presented on appeal, we will summarily affirm the District Court's order dismissing Abulkhair's complaint. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Appellant's motion to supplement the record is denied.